**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

---

Service Employees International Union, Intervenor,

v.

A & C HEALTHCARE SERVICES, INC., Respondent.

No. 11–72498.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2013.

Filed May 15, 2013.

Daniel Blitz, Usha Dheenan, Linda Dreeben, Deputy Associate General Counsel, Jill A. Griffin, Esquire, Supervisory, NLRB–National Labor Relations Board, Washington, DC, for Petitioner.

David A. Rosenfeld, Weinberg Roger & Rosenfeld, Alameda, CA, for Intervenor.

Michelle Carter, Carter Carter Fries & Grunschlag, San Francisco, CA, Robert Mitchell Cassel, I, Esquire, Law Office of Robert M. Cassel, Mill Valley, CA, for Respondent.

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

The National Labor Relations Board petitions for enforcement of its order holding that A & C Healthcare Services, Inc. ("A & C") violated § 8(a)(1) and (5) of the National Labor Relations Act. We enforce the Board's order.

The Administrative Law Judge ("ALJ") held that A & C became a successor employer under *NLRB v. Burns Int'l Sec.*

* This disposition is not appropriate for publica-

*Servs.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972), at some point between September 14, 2007, when the union requested recognition and to bargain collectively, and November 8, 2007, at the end of the probationary period. The ALJ ruled that A & C violated its duty to negotiate with the union by unilaterally changing employment terms on and after November 8. The Board adopted the ALJ's findings. *A & C HEALTHCARE SERVS., INC.,* 186 L.R.R.M. (BNA) 1206 (2009).

We have reviewed the record and the parties' arguments. We conclude that the ALJ's findings, as adopted by the Board, are supported by substantial evidence. *See Fall River Dyeing & Finishing Corp. v. NLRB,* 482 U.S. 27, 42–54, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987); *NLRB v. Marin Operating, Inc.,* 822 F.2d 890, 895 (9th Cir.1987).

**ORDER ENFORCED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.